SECURITY LIFE INSURANCE COM-
PANY OF AMERICA; Congress Life
Insurance Company, Plaintiffs–Appel-
lees,

v.

DUNCANSON & HOLT, INC.; Claims
Service International, Inc.; the Multi-
ple Employers Trust Quota Share
Line Slip, Defendants,

and

Transamerica Occidental Life
Insurance Company, Re-
spondent–Appellant.

No. 99–56811.

D.C. No. CV–99–08726–HLH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 2001.

Decided May 23, 2001.

Before MAGILL,* McKEOWN and
FISHER, Circuit Judges.

MEMORANDUM**

Transamerica appeals the district court's order imposing sanctions for its failure to comply with a subpoena for documents and testimony of a corporate witness. A district court's civil contempt order is reviewed for abuse of discretion, as is a decision to impose sanctions or punishment for contempt. *Reebok Int'l Ltd. v. McLaughlin,* 49 F.3d 1387, 1390 (9th Cir. 1995).

Transamerica argues that the district court abused its discretion because it held Transamerica in contempt for refusing to comply with an erroneous order and invalid subpoena. We may not, however, review the legal or factual basis of the underlying subpoena, or the arbitration or discovery process in district court in Minnesota. *United States v. Ayres,* 166 F.3d 991, 995 (9th Cir.1999) (" 'The only

---

* Honorable Frank J. Magill, Senior United States Circuit Judge for the United States Court of Appeals, Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

issue open to [the contemnor] in defending the contempt proceeding [is] to show inability to then produce'" the documents sought in the summons) (quoting *United States v. Rylander,* 460 U.S. 752, 756–57, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983)).

 Given the timing and substance of Transamerica's purported objections lodged via letter, we conclude that the district court did not abuse its discretion in determining that Transamerica was not relieved of its obligation to comply with the California subpoena. *See* Fed.R.Civ.P. 45(c)(2)(B) and (e); 30(b)(6). Rule 30(b)(6) and Rule 45 do not allow a corporate entity to avoid compliance with a subpoena by announcing—after it has refused to appear, and the deposition date has passed—that the employee it had designated for the deposition is outside the territorial limits of the subpoena.

 Transamerica also contends that the district court held it in contempt without due process of law because the contempt order was issued without the benefit of a full trial under Fed.R.Civ.P. 43(a). We review de novo. *Thomas, Head and Greisen Employees Trust v. Buster,* 95 F.3d 1449, 1458 (9th Cir.1996).

Without an issue of material fact, the district court was required only to give notice and allow an opportunity for the parties to be heard. *See Ayres,* 166 F.3d at 995 ("This circuit has repeatedly held ... that finding a party in civil contempt without a full-blown evidentiary hearing does not deny due process of law to a contemnor."); *cf. F.J. Hanshaw Enters., Inc. v. Emerald River Development, Inc.,* 244 F.3d 1128, 1138 (9th Cir.2001) (distinguishing between process due for civil and criminal contempt). Because the district court provided adequate notice and hearing, no due process violation occurred.

AFFIRMED.